NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BRUCE L. PALMER and BARBARA PALMER, | : : : |
| Plaintiffs, | : : : |
| v. | Civil Action No. 12-6111 (SRC) |
|  | OPINION & ORDER |
| APM TERMINALS a/k/a APM TERMINALS NORTH AMERICA, INC., A.P. MOLLER-MAERSK A/S, DUWAN T. VICKERS, and JOHN DOE, |  |
| Defendants. |  |

**CHESLER**, District Judge

This matter comes before the Court upon the motion in limine filed by Defendants APM Terminals ("APMT") and Duwan Vickers to exclude the testimony and report of John Coniglio, the liability expert proffered by Plaintiffs Bruce L. Palmer and Barbara Palmer. For the reasons that follow, the Court will grant Defendants' motion in part.

This case arises out of an accident at APMT's marine container terminal in Port Elizabeth, New Jersey. On October 6, 2010, Defendant Duwan Vickers, a crane operator, attempted to unload a container from the truck of Plaintiff Bruce L. Palmer ("Palmer" or "Plaintiff"), when he lifted the truck because a pin securing the load to the chassis did not fully disengage. Palmer, who was inside the cab in accordance with APMT's procedures, alleges that he was injured when the pin subsequently released and the truck dropped. In support of his claims, Plaintiff offers the expert

1

report of John Coniglio, an occupational safety engineer, who attributes the accident to APMT's failure to institute appropriate safety policies. Defendants contend that the report must be excluded because Coniglio is not qualified to offer an opinion about marine terminal operations and used unreliable methodology to reach his conclusions.

Federal Rule of Evidence 702 governs the use of expert testimony in federal courts.[1] "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000) (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-43 (3d Cir. 1994)). To qualify as an expert, the witness must possess "specialized knowledge" regarding the area of testimony. *Id.* However, this is a liberal requirement, and the basis for specialized knowledge "can be practical experience as well as academic training and credentials." *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998). "[A] broad range of knowledge, skills, and training qualify an expert as such." *Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 321 (3d Cir. 2003) (quoting *In re Paoli*, 35 F.3d at 741).

Coniglio has a master's degree in Occupational Safety and Health Management together with over forty years of experience as a safety engineer. He is the founder and managing director of Occupational Safety and Environmental Associates, Inc. ("OSEA"), which provides safety, environmental, and risk management consulting and training services in the construction and other industries. Coniglio has extensive familiarity with Occupational Safety and Health Administration ("OSHA") regulations, and provides OSHA training for both the construction and general industry. Coniglio's work with cranes has encompassed setup and location, procedures and operating

---

[1] Rule 702 provides that "a witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

methods for safe utilization, and the training of individuals on safe operations of cranes, including the use of spotters and appropriate communication. Coniglio has also authored a manual for the safe lifting operations of cranes.

Defendants' objections focus on Coniglio's lack of experience on marine terminals. To the extent that Coniglio opines that the lifting incident violated OSHA regulations and safety standards developed by the American Society of Mechanical Engineers ("ASME"), Defendants also claim that Coniglio is not aware of specific marine terminal OSHA regulations and has never applied marine terminal regulations in connection with any past engagement.

The Court is satisfied that Coniglio's experience in occupational safety, and the operation of cranes more specifically, qualifies him to testify about the safety measures taken in relation to an accident involving a crane. Although Coniglio has never provided services on marine terminals, he has worked on non-marine logistics operations and provided audits, reviews, and inspections of trucking terminals and freight operations. (Coniglio Dep. 10:11-18.) As such, the absence of marine terminal experience is not fatal, as the proposed expert does not have to be the "best qualified" or "have the specialization that the court considers most appropriate," *Holbrook v. Lykes Bros. S.S. Co.,* 80 F.3d 777, 782 (3d Cir. 1996), as long as the witness "possess[es] skill or knowledge greater than the average layman" in the relevant field. *See Waldorf*, 142 F.3d at 625 (quoting *Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 114 (3d Cir. 1987)). This is not so narrowly limited to the marine terminal location of the accident as Defendants propose. Defendants' contention that Coniglio has no familiarity with marine terminal OSHA regulations relies on deposition testimony where Coniglio was unable to recall any specific rules. Coniglio did, however, say that he was aware that marine regulations were separate. (Coniglio Dep. 16:11-21.) The extent of his understanding of these rules, or the propriety of his choice to rely on OSHA

3

standards applicable to cranes that are not encompassed within marine terminal provisions, is better tested on cross-examination.

The second element of admissibility requires the proffered expert's testimony to be reliable. *Daubert* provides a list of factors to evaluate the soundness of an opinion:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses.

*Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2003). However, the application of these factors is flexible and the "list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). The crux of the inquiry is whether the testimony is based on "good grounds" rather than the "subjective belief or unsupported speculation" of the expert witness. *United States v. Williams*, 235 F. App'x 925, 928 (3d Cir. 2007) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993)). The Court can decide that the opinion is based on good grounds even if the methodology is flawed, or the opinion is incorrect. *See Paoli*, 35 F.3d at 746.

In concluding that Defendants' crane operation at Port Elizabeth was unsafe, Coniglio compared it with the procedures in place at APMT's cite in Charleston, North Carolina, and opined that the Port Elizabeth terminal should have required the driver to stand at least forty feet away from the operating machinery, and should have utilized a spotter to confirm that the locking mechanisms have been released. This recommendation is also based on Coniglio's general

occupational safety experience and OSHA regulations which prohibit "carrying loads over people," or "lifting a person with a load." (Coniglio Report, ECF No. 27-1, at 5.)

Defendants raise multiple critiques to the reliability of Coniglio's opinion. For example, Defendants highlight that Coniglio has never visited the Charleston terminal, has not considered the offsetting safety risks of pedestrian traffic, and could not, in fact, name a single marine terminal operated in the manner suggested. Defendants also contend that the OSHA regulations and ASME standards cited by Coniglio are not applicable to marine terminals and have never been interpreted to encompass an accidental lift-up of a person in the cab of a truck, as opposed to their intended purpose to prevent people from riding on headache balls, I-beams, and loads being hoisted.

Defendants have grounds to question the foundation for Coniglio's conclusions. However, in the context of experience-based expertise, the usefulness of examining the indicia of scientific reliability suggested by Defendants, such as peer review or rate of error, is limited. Coniglio has specified the basis for his opinions, which includes his experience with occupational safety and crane operations, OSHA standards, and the procedures ostensibly employed at APMT's own terminal. This gives Defendants a discernable methodology that they can examine and refute. The flaws in his theory, including whether his cited crane-specific OSHA and ASME standards are applicable at a marine terminal, go to the weight and credibility of Coniglio's testimony, not its admissibility. Accordingly, Coniglio's opinion about the appropriate procedures concerning crane operation is admissible.

Defendants also contest sections of Coniglio's report that proffer opinions on the height to which the truck was lifted, the cause of the damage to Palmer's truck, or the cause of Palmer's alleged injuries. Plaintiffs concede that the witness has no qualifications or basis to offer an opinion on the foregoing. Here, Coniglio did not witness the accident, has no qualifications or

5

experience to examine automotive damage, and does not possess medical knowledge to comment on Plaintiff's injuries. Defendants' motion to exclude sections of the expert report touching on these topics is thus granted.

For the reasons stated above,

**IT IS** on this 19th day of January, 2016,

**ORDERED** that Defendants' motion in limine [Docket No. 22] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, pursuant to Federal Rule of Evidence 702, John Coniglio is precluded from offering any expert opinion on the height of the lift, the cause of the damage to Palmer's truck, or the cause of Palmer's alleged injuries. These sections shall be stricken from the report.

       s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge